# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHERMAN MARKLIN | ) | CASE NO.  09-10939(1)(7) |
| JOYCE MARKLIN | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| FARM CREDIT SERVICES OF | ) | AP NO.  09-1042 |
| MID-AMERICA, PCA | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHERMAN MARKLIN | ) | |
| REBECCA MARKLIN | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter came before the Court for trial on April 28, 2010 on the Complaint of Plaintiff Farm Credit Services of Mid-America, PCA ("Farm Credit") against Defendants Sherman and Rebecca Marklin ("Marklins").  The Court considered the written submissions of the parties, the evidence presented at trial and the arguments of counsel for the parties.  For the following reasons, the Court will enter judgment in favor of Farm Credit.  The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**FINDINGS OF FACT**

On or about April 27, 2006, the Marklins entered into an agreement for a line of credit with Farm Credit for the total sum of $100,000. The parties executed a Promissory Note and Loan Agreement. The purpose of the line of credit was to pay anticipated labor costs on the Marklins' farm.

The Note/Loan Agreement was secured by a first and prior lien on the Marklins' crops located in Simpson County, Kentucky. The lien was evidenced by a Financing Statement that was properly recorded in the Office of the Secretary of State of the Commonwealth of Kentucky.

The Marklins placed the proceeds of the loan into their personal bank account. They used the loan proceeds to pay their living expenses and their labor costs in connection with the farm operation. Sherman Marklin testified that he was aware that they had pledged their crop proceeds to secure the line of credit with Farm Credit. Despite this knowledge, the Marklins sold the crops that had been pledged to Farm Credit and received $121,834.92, but made no payments on the debt.

On January 13, 2009, the Simpson Circuit Court entered a Judgment against the Marklins and in favor of Farm Credit in the amount of $100,105.59 plus interest, attorneys' fees and court costs based on their default on the loan with Farm Credit.

On or about May 26, 2009, Debtors filed their Voluntary Petition seeking relief under Chapter 12 of the United States Bankruptcy Code.

**LEGAL ANALYSIS**

On September 1, 2009, Farm Credit instituted this adversary proceeding against the Marklins seeking to have the debt declared nondischargeable pursuant to 11 U.S.C. §523(a)(6). Under this section of the statute, a debt for willful or malicious injury by the debtor to another entity or to the

property of another entity is excepted from discharge. Only those acts that are done with actual intent to cause injury fall within this exception. Kawaauhau v. Geiger, 523 U.S. 57 (1998). Where a debtor desires to cause the consequences of his act or believes that the consequences are substantially certain to result from it, he has committed a willful and malicious injury. In re Kennedy, 249 F.3d 576, 580 (6th Cir. 2001). The debtor's actions must be the cause of the creditor's injury. In re Smith, 249 B.R. 748, 750 (Bankr. S.D. Ohio 2000).

In this case, Sherman Marklin testified that he knew he owed the money to Farm Credit, he knew the crops served as security for the debt and that he was to use the crop proceeds to repay the loan. Instead, he willful placed the crop proceeds into his own bank account and used the funds as if they were his own. The Marklins' intentional actions in using the crop proceeds for their own benefit meet the standard for a willful and malicious injury to Farm Credit. Accordingly, the debt is nondischargeable under 11 U.S.C. §523(a)(6).

## CONCLUSION

For all of the above reasons, the Court will enter Judgment in favor of the Plaintiff Farm Credit Services of Mid-America, PCA against Defendants Sherman and Rebecca Marklin. A Judgment accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 4, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHERMAN MARKLIN | ) | CASE NO. 09-10939(1)(7) |
| JOYCE MARKLIN | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| FARM CREDIT SERVICES OF | ) | AP NO. 09-1042 |
| MID-AMERICA, PCA | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHERMAN MARKLIN | ) | |
| REBECCA MARKLIN | ) | |
| | ) | |
| Defendant(s) | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment declaring the debt owed by Defendants Sherman and Rebecca Marklin to Plaintiff Farm Credit Services of Mid-America, PCA is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

This is a final and appealable Judgment. There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 4, 2010